[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 66 
This appeal is taken from an order of the General Term, affirming an order of the Special Term, appointing commissioners to determine the points and manner of crossing the appellant's railroad, by the petitioner. The appellant objects that the petition is not properly verified, and that there is no proof of the inability of the two companies to agree upon the points and manner of crossing, and the compensation to be made therefor. The verification is made by T. Haskins DePuy, who states that he is consulting engineer of the petitioning company. It does not appear whether or not he is an officer of the company. It does not appear that any objection on this ground was made in the court below. On the contrary the appellant answered the petition on the merits, and went to a hearing on the petition and answer. It seems to us that it is too late to raise this objection here. If made when the petition was presented, the verification could have been supplied, or proof that Mr. DePuy was an officer might have been furnished. By answering, and going to a hearing without objection, the imperfection was, we think, waived.
The want of proof of inability to agree does not, we think, invalidate the proceeding. That fact was alleged in the *Page 67 
petition, and not denied in the answer, and there was no offer to disprove it. I do not understand that any proof on the part of the petitioner is required in these proceedings as to allegations which are not put in issue.
A defect in the verification of the petition is not in our judgment a jurisdictional defect. The statute leaves the matter of verification to be regulated by the practice of the court, and prescribes no precise formalities.
The next point urged is that the statute does not authorize more than one crossing by a railroad company of the track of another. We do not think this point tenable. The statute authorizes the crossing and intersection of a railroad at any point on its route, and speaks of such intersections and connections and crossings in the plural number. It provides that if the two corporations cannot agree upon the points and manner of such crossings and intersections, etc., commissioners may be appointed. The very purpose of providing for the appointment of these commissioners is to determine, in case of dispute, at what points the crossings shall be made, and in what manner, and it is the obvious duty of these commissioners to see that the crossings are not made in such a manner, or at such points, as to unnecessarily interfere with the operation of the road to be crossed.
We find nothing in the statute which would authorize us to exclude from its provisions roads which at some points run parallel with the road to be crossed. The points of crossing are not necessarily fixed by the notice of the location of the new road, and the failure of the company owning the previously constructed road to object to such location within fifteen days. The subject of crossing existing railroad tracks being specially provided for, and the proceedings by which the points of crossing are to be determined being pointed out by the statute, the general provisions in regard to the location of the road and the right of property owners to object to such location, are not applicable to the matter of crossing, and cannot deprive existing roads of any of the protection which the provisions in respect to crossings afford them. *Page 68 
The objections raised to the proposed points of crossing, on the ground that the crossings at those points will interfere with lands of the appellant already appropriated for stations and other uses connected with the operation of its railroad, are premature at this stage of the proceeding. They are matters to be considered by the commissioners, and the objections now urged may be obviated by their determination. Furthermore, the order appealed from expressly reserves all these questions by providing that it is without prejudice to the right of the appellant, on the coming in of the report of the commissioners, to raise any objection to the right to cross, which could have been raised preliminary to the granting of the order. The statute, it is true, provides that the crossings and intersections may be upon the grounds of the constructed railroad. This must necessarily be, as the crossing of the track must be upon the roadway of the company whose track is crossed, but we apprehend that it was not intended by this general language to authorize the invasion of lands or buildings already appropriated to railroad uses, which in their nature require an exclusive occupation, or which would be materially impaired by subjecting the land to the new use. Such lands could not according to the principles of our previous decisions be condemned for a new and inconsistent public use, at least without express legislative authority for thus changing the use. (Matter of B. and A.R.R., 53 N.Y., 574; Matter of City ofBuffalo, 64 id., 547; Same Matter, 68 id., 171.)
It cannot be presumed that commissioners would locate a crossing on any such lands, or at any point where, to render the crossing available, it would be necessary to invade any such lands or constructions thereon. If they should, their action would be reviewable, and the crossing would be unavailable if so located that the company crossing could not obtain a right of way beyond the point of crossing. All these matters are necessarily to be considered in determining the points and manner of crossing. This duty does not devolve upon the court in the first instance, but upon the *Page 69 
commissioners whom it is authorized to appoint for the purpose. If they violate any legal right of the appellants their action can be reviewed. The right to object to disturbance in the enjoyment of premises devoted to public uses which require that the enjoyment should be exclusive, cannot be regarded as waived or forfeited by the omission to apply within the statutory time for a change of location. The provisions in respect to those applications are intended for a different purpose, and neither they nor the provisions in respect to crossings can be used as a means of enabling a railroad company to enter upon lands which are already so appropriated to one public use that they cannot consistently with that use be taken for another. To accomplish such a purpose legislation pointed to that end is required. The existing statutes do not appear to have any such object in view.
The order should be affirmed, with costs.
All concur, except DANFORTH, J., who concurs, except as to verification of petition, and on that point dissents.
Order affirmed.