In the Matter of the Application of the CORTLAND AND HOMER HORSE RAILROAD COMPANY to acquire a Crossing, Etc.

A proceeding under the General Railroad Act (§ 28, chap. 140, Laws of 1850) by one railroad corporation to secure a crossing over the track of another railroad is a special proceeding (Code of Civ. Pro., §§ 3333, 3334), and the costs therein are, as a general rule, in the discretion of the court. (§ 3240.) (RAPALLO and MILLER, JJ., dissenting.)

Where there is no question as to damages, and the corporation owning the road sought to be crossed opposes the application with a view to prevent the crossing, it is within the proper exercise of this discretion for the court to impose the costs upon the contesting company. (RAPALLO and MILLER, JJ., dissenting.)

Where no evidence is given on the question of damages an allowance of nominal damages may not, as matter of law, be deemed inadequate.

(Argued February 3, 1885 ; decided March 3, 1885.)

APPEALS from two orders of the General Term of the Supreme Court, in the fourth judicial department, made October 7, 1884, in proceedings instituted by the petitioner above named to acquire a crossing over the tracks of the Syracuse, Binghamton and New York Railroad Company and the Delaware, Lackawanna and Western Railroad Company. The first order affirmed an order of Special Term confirming the report of commissioners appointed to fix the points and manner of crossing, and the compensation to be made therefor, and also affirmed an order of Special Term denying a motion on the

part of the contesting companies to require the commissioners to reassemble and take further testimony. The second order affirmed an order of Special Term adjudging that the petitioner was entitled to recover its costs and disbursements of the contesting companies.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellants. The report of the commissioners should be set aside and a new commission appointed on the ground that the commissioners failed to make a proper provision for the purpose of securing the safety of the public, and of the railroad companies having occasion to make use of the crossing. This question is reviewable here. (*Matter of B., H. T. &. W. R. R. Co.*, 79 N. Y. 64.) The crossing, instead of being made at the point specified by the commissioners, should be made at some point in the village of Homer, where trains run at a slower rate of speed. (77 Penn. St. 173.) The right to cross the tracks of the appellants, by those of the respondent, involved an interference with the appellants' right of property, and the loss by it, and acquisition by the respondent of a right of property, of which the appellants could not be deprived without just compensation. (State Constitution, art. 1, § 6; *Matter of L. & B. R. R. Co.*, 19 Hun, 48; *Sixth Avenue R. R. Co.* v. *Kerr*, 72 N. Y. 330; *Howlett* v. *N. Y., W. S. & B. R. R. Co.*, 14 Abb. N. C. 328; *Matter of Kerr*, 42 Barb. 119; *B. C. R. R.* v. *B. C. R. R.*, 32 id. 358; *Seneca Road Co.* v. *A. & R. R. R. Co.*, 5 Hill, 170; *Boston Water-Power Co.* v. *B. & W. R. R. Co.*, 23 Pick. 360; *G. J. R. R. Co.* v. *Commissioners of Middlesex*, 14 Gray, 553; *Parker* v. *B. & M. R. R. Co.*, 3 Cush. 113; *B. & L. R. R.* v. *S. & L. R. R.*, 2 Gray, 1; *Central Bridge*, 4 id. 474; *O. C. R. R.* v. *County of Plymouth*, 14 id. 155; *W. & N. R. R. Co.* v. *R. R. Commissioners*, 118 Mass. 561; *Baltimore T. Co.* v. *Union R. R. Co.*, 35 Md. 265; *G. R., etc., R. R.* v. *G. R. & Ind. R. R. Co.*, 35 Mich. 265; *West R. Bridge Co.* v. *Dix*, 6 How. [U. S.] 507; *Enfield B. Co.* v. *H. etc., R. R. Co.*, 17 Conn. 40; *L. S. & M. S. R. R.*

*Co.* v. *C., etc., R. R. Co.*, 30 Ohio St. 604; *East St. L., etc., R. R. Co.* v. *East St. L. U. R. R. Co.*, 108 Ill. 163; *S. C.*, 17 Am. & Eng. R. R. Cas. 163.) The appellants being entitled to just compensation for the right of property in their land acquired by the respondent, the commissioners grossly erred in awarding them, for such property, the sum of one dollar only; such determination being based upon an erroneous rule of damage. (*Matter of L. & B. R. R. Co.*, 19 Hun, 43; *Matter of Boston Road*, 27 id. 409; *Matter of Opening Sixty-seventh Street*, 60 How. Pr. 265; *Matter of Prospect P. & C. I. R. R. Co.*, 24 Hun, 199.) The order requiring the appellants to pay the costs and expenses of this proceeding is a manifest violation of section 6, article 1 of the State Constitution. (*Matter of N. Y., W. S. & B. R. R. Co.* v. *Walsh*, 94 N. Y. 287; *U. & D. R. R. Co.* v. *Gross*, 31 Hun, 83.) Conceding that the court has the right in a proper case to require a company resisting a crossing over its tracks, to pay the costs of the proceedings, no case is presented here which would authorize such a requirement. (*B. & P. R. R. Co.* v. *Chamberlain*, 60 Me. 285; *Goodwin* v. *B. & M. R. R. Co.*, 63 id. 633.) The statute regulating the crossing and intersection of the tracks of one railroad by those of another does not provide for the payment of costs by either party; and the court has no power to require such payment to be made. (Laws of 1850, chap. 140, § 22, as amended by chap. 560 of the Laws of 1871; § 14 of chap. 140 of the Laws of 1850; Laws of 1854, chap. 282, § 3; chap. 582 of the Laws of 1864; subd. 6 of § 28, chap. 140 of the Laws of 1850; *Matter of L. & B. R. R. Co.*, 77 N. Y. 561; § 3261 of the Code.)

*R. H. Duell* for respondent. When railroad commissioners not only have the right to decide on the evidence before them, but on their own view of the premises in addition, the court will not disturb their finding on the ground that it is against evidence. (*Matter of Boston Road*, 27 Hun, 409; *Troy* v. *Lee*, 13 Barb. 171; *Matter of Central Park*, 51 id. 277; *R. & W. R. R.* v. *Field*, 38 How. 187; *Matter of William*

*Street,* 19 Wend. 694.) An award of commissioners will not be set aside for every technical error in respect to the admission or rejection of evidence. The error should be of such a character as to show that the commissioners have misapprehended the principles upon which they were required to act, and that the party appealing may have been injuriously affected by such misapprehension. (*Troy & B. Co.,* 16 Barb. 100 ; *N. C. R. R.* v. *Marvin,* 11 N. Y. 278 ; *Matter of N. Y. & L. R. R.,* 27 Hun, 122 ;° *Matter of N. Y. L. & W.,* id. 151 ; 13 Barb. 160 ; 5 Lans. 298.) The commissioners had power to fix the point of crossing at a different place from the one laid down on the map filed by the petitioner, or specified in the notice served. (*Matter of L. S. R. R.,* 89 N. Y. 445 ; *Matter of B. H. & W. R. R.,* 79 id. 64.) The appellants having made their election cannot now complain that the award of damages was inadequate. (*R. & S. R. R. Co.* v. *Budlong,* 6 How. 467 ; *R. & O. R. R.* v. *Field,* 38 id. 187.) The motion to return the case to the commissioners was purely a question addressed to the discretion of the judge at Special Term, and is not reviewable in this court. (*Lawrence* v. *Farley,* 73 N. Y. 187 ; 72 id. 496 ; 82 id. 95 ; 89 id. 442.) The court must act solely upon the report of the commissioners. (*N. Y. & E. Co.* v. *Coburn,* 10 How. 168 ; 5 id. 177.) Courts will not set aside an appraisal because the compensation is too great or too small, unless in a plain case. (27 Hun, 122 ; 6 How. 467 ; 17 Wend. 649.) A proceeding to acquire title to real estate under the General Railroad Act is a special proceeding. (*Matter of D. & W.,* 26 Hun, 692 ; 1 Kern. 277 ; 55 N. Y. 145 ; 16 Hun, 59 ; 4 Keyes, 59 ; 27 How. 158 ; 14 id. 527 ; 24 id. 135 ; 54 Barb. 520 ; 19 N. Y. 531 ; 82 id. 142 ; 11 Hun, 468 ; 3 Keyes, 35 ; 3 Abb. Ct. App. Cas. 559 ; 12 How. 99 ; *Matter of Simpson,* 26 Hun, 459 ; 86 N. Y. 396 ; 12 id. 406 ; 36 id. 182 ; *Matter of Jetter,* 78 id. 605 ; *People* v. *City Bank,* 96 id. 33.) This being a special proceeding the court had full power to adjudge and determine which party to the proceeding should be compelled to pay the costs of the same. (Code, § 3240 ; *Matter of Jetter,* 78 N. Y. 606 ; *Matter of P. E. School,* 86

id. 396; *Matter of Barnett*, 11 Hun, 468; *R. & S. R. R. Co*
v. *Davis*, 55 N. Y. 145; *N. Y. L. & W. R. R. Co.*, 26 Hun,
592; *People* v. *Commissioners*, 5 Abb. N. C. 144; 86 N. Y.
396; 26 Hun, 459.) The allowance of costs being a matter
of discretion, the order is one that will not be reviewed
in this court, except upon questions of law. (89 N. Y. 442;
73 id. 187.) The order awarding costs to the petitioner,
to be paid by the appellants, was not a violation of the
constitutional provision that private property shall not
be taken for public use without just compensation. (24 N.
Y. 350; Pierce on Railroads, 194; *People* v. *Kerr*, 27 N. Y.
188; *N. Y. R. R.* v. *Forty-second St.*, 50 Barb. 309; *Sixth
Ave. R. R.* v. *Gilbert*, 3 Abb. N. C. 374; *Kellinger* v. *Forty-
second St.*, 50 N. Y. 209; *Transportation Co.* v. *Chicago*, 99
U. S. 635; *Story* v. *N. Y. El. R. R.*, 90 N. Y. 159, 188; 30
Ohio, 604; 47 N. H. 108; 7 Vroom, 181; *Albany N. R. R.*
v. *Brownell*, 24 N. Y. 345; *D. & H. Co.* v. *Whitehall*, 90
id. 21; *B. & A. R. R.* v. *Greenbush*, 52 id. 510; *S. C.*, 5
Lans. 461.) The right of an individual holding the absolute
title in fee-simple is very different from that of a railroad cor-
poration in respect to its lands held for railroad purposes.
(*Albany N. R. R.* v. *Brownell*, 24 N. Y. 345; *D. & H. Co.*
v. *Whitehall*, 90 id. 21; 52 id. 510; 5 Lans. 461.) The pro-
ceeding under the General Railroad Act by one railroad corpora-
tion to acquire a right to cross the tracks of another road is of
a different character from the proceeding to acquire title to
real estate, and involves the settlement of other and different
issues. (*Matter of L. & B. R. R.*, 77 N. Y. 561.) The
petitioner having succeeded in the litigation and the commis-
sioners having adjudged and determined that the petitioner
was entitled to a crossing, and also a crossing at grade, should
recover the costs and disbursements of the proceeding. (*Booth*
v. *Smith*, 5 Wend. 107; *Livingston* v. *Byrne*, 11 Johns. 555;
4 Johns. Ch. 301; 2 Paige, 30; 1 Sandf. Ch. 83; 1 Paige,
464; 2 id. 209; 1 id. 48; 6 Johns. Ch. 33; 29 How. 411;
*Calkins* v. *Isbell*, 20 N. Y. 148.) This is not a case where the
petitioner has claimed more than the commissioners awarded.

Nor is it a proper case for the application of the rule that costs will not be given to either party where the plaintiff succeeds in part and fails as to the residue. (*Rundle* v. *Allison*, 34 N. Y. 180.)

*Per Curiam.* The application in this case was a special proceeding (Code Civ. Pro., §§ 3333, 3334), and according to the general rule the costs were in the discretion of the court (§ 3240). The claim that the proceeding having been instituted by the petitioner to acquire a crossing over the track of the appellant, the latter could not be compelled to pay the cost of the proceeding, under the decision in *Matter of Walsh* (94 N. Y. 287), is not well founded. The general statute under which the respondent is incorporated confers the right upon one railroad to cross the track of another, and requires the company owning the intersected road to unite with the owner of the new road in forming the crossing and to yield the necessary facilities, and if the companies cannot agree upon the amount of compensation, or manner of crossing, the same is to be determined by commissioners. (Laws of 1850, chap. 140, § 28.) The case shows that the appellant in substance declined to permit the petitioner to cross its tracks, and when the commissioners were appointed, the question litigated before them related to the place and manner of crossing, whether it should be at, or above, or below grade, and not at all to the question of compensation, as to which no evidence was given. The points of crossing considered by the commissioners, and as to which the evidence related, were a crossing on the highway and one outside of the highway but near to it, and there was no practical difficulty in giving evidence bearing upon the amount of compensation, if that question was deemed important.

Upon the facts presented to the court on the motion in respect to costs, the court would have been justified in finding that the appellant, on the hearing before the commissioners, waived all claim for compensation beyond nominal damages. The litigation, from the first, has been most determined and

persistent; on the one side to secure, and on the other to prevent a crossing as desired by the respondent. There is no constitutional right involved in the order of the Special Term imposing the costs of the litigation upon the appellant, and we cannot review its discretion. It is certainly not impossible to conceive of a case where an application for a crossing may be met with such dilatory and obstructive proceedings on the part of the company over whose road the crossing is desired, so as to justify the imposition upon the latter of the costs of the litigation.

In this case the commissioners awarded to the appellant one dollar damages, and in view of the facts, and the absence of all evidence as to any pecuniary injury, or as to the pecuniary value of the right acquired by the respondent, or of the loss which would be sustained by the appellant, we cannot say, as matter of law, that the amount awarded was inadequate. (*In re Prospect Park, etc., R. R. Co.*, 85 N. Y. 489.)

The order of the General Term affirming the orders of the Special Term confirming the report of the commissioners, and adjudging that the respondent is entitled to costs, etc., should be affirmed, and the appeal from the order denying the motion to remit the proceedings to the commissioners should be dismissed, with costs to the respondent of one appeal.

All concur, except RUGER, Ch. J., not sitting, and RAPALLO and MILLER, JJ., who dissent as to costs.

Ordered accordingly.