Haight, J.
The respondent presented a petition to a justice of this court at chambers asking for the appointment of commissioners to examine the appellant’s proposed route and the route to which it is proposed to alter the same; and that an order be made changing such proposed route. The grounds stated in the petition for such change are in substance that the appellant’s route, as designated, crossed the petitioner’s tracks at grade, and that they should cross either at an over or under grade; that the route as designated crossed at an extremely acute and dangerous angle; that it made sharp curves upon each side, making the operation of the road extremely dangerous; and that it crossed within 2,300 feet of the respondent’s railroad station, and within 400 feet of its switches into the main track; and that the crossing was near a sharp curve on the main line of the respondent’s road, which would endanger the trains of the petitioner, its passengers and property. Upon the return day of the notice an affidavit was read and filed to the effect that one Josiah Gray had a life estate in lands that would be affected by the proposed change, and that he was the sole occupant and possessor thereof; that thereupon the judge made an order adjourning the proceedings and permitting the petitioner to serve the petition and notice upon Gray and such other person as may be discovered to have interests in the lands affected by the proposed alteration with like effect as if such persons had been served within the fifteen days limited by the statute. Upon the adjourned day the judge made an order appointing commissioners. Before making such order the appellants moved to have the proceedings dismissed upon the ground that necessary parties had not been served within the time limited by the statute and that the judge had no jurisdiction to grant the prayer of the petition upon the ground that the petitioner cannot apply for the appointing of commissioners under section 22 of the general railroad act as amended. Appeal was taken from both orders.
*793 Section 22 of the Railroad Act, being the section under which this petitioner moved for the appointment of commissioners, among other things provides that any occupant or owner of land over which such route passes, feeling aggrieved by the proposed location, may, within fifteen days after receiving.written notice, etc., give ten days notice in writing to such company and to the owners or occupants of lands to be affected by any proposed alteration, of the time and place of an application to a justice of the supreme court in the judicial district where such lands were situated by petition duly verified for the appointment of commissioners to examine tho said route, etc. Sub-division 6 of section 28 of the act, among other things, provides that if the two corporations cannot agree upon the amount of compensation to be made or the line or lines, the grade or grades, points and manner of such crossing and connections, the same shall be ascertained and determined by commissioners. It further provides that the commisioners shall have full power to determine whether the crossing or crossings of a railroad before constructed shall be beneath, at or above the existing grade of any such railroad, and upon the route designated on the map of the company seeking the crossing required to be filed by section 22 of the act or otherwise. This provision is the provision under which the line or lines, the grade or grades, points and manner of crossing and connections, between railroads, are determined. The commissioners are given power to determine whether or not the crossing shall be permitted upon the route designated on the map of the company seeking the crossing. In the case of the Boston, Hoosac Tunnel and Western Railroad Company to acquire the right across the railroad of the Troy and Boston Railroad Company (79 N. Y., 64,) it was held that the points of crossing were not necessarily fixed by the notice of the location of the new route and the failure of the company owning the previously constructed road to object to such location within fifteen days. The subject of crossing existing railroad tracks being specifically provided for, and the proceedings by which the points of crossing are to be determined, being-pointed out by the statute, the general provisions in regard to the location of the route and the right of property owners to object to such location are not applicable to the manner of crossing and cannot deprive existing roads of any of the protection which the provisions in respect to crossings afford them. It would thus appear that nothing done by the commissioners, appointed to change the route under section 22 of the act, would be binding upon the commissioner appointed to determine the place and manner *794 of crossing the existing railroad. It would consequently follow that nothing could be accomplished by proceedings under the former section. This view was suggested by Tracy, J., in delivering the opinion of the court, in the case of the application of the Lake Shore and Michigan Southern Railroad Company to change the route of the New York, Lackawanna and Western Railroad Company (89 N. Y., 442). He quotes with approval the decision in the Boston and Hoosac Tunnel case, supra, arid says: “Where the proposed route of a railroad company, as located by the filing of its map, crosses the track or tracks of an existing company, it may well be doubted whether the last named company can apply for the appointment of commissioners under section 22 of the General Railroad Act, as amended by the Laws of 1871, chapter 560, section 1, to change the route of the road proposed to be constructed. Section 28 of the same act would seem to provide the means of determining all questions involved as between railroad companies where one seeks to carry its line across the line of the other.”
Wc are aware that proceedings to change routes have in several cases been heretofore instituted under section 22 of the act, and that such proceedings have been sustained in the general term; but the question as to the power so to do does not appear to have been expressly raised or considered.
In view of the more recent decisions of the court of appeals, we are inclined to the opinion that the rights of existing railroads are fully protected and can be determined under the provisions of section 28 of the act, and that the proceedings were improperly instituted under section 22. This conclusion renders it unnecessary to consider the question raised by the appeal from the order permitting other parties to be brought in.
Orders reversed, with ten dollars costs, in one appeal only, and disbursements; and motion to appoint commissioners denied, with ten dollars costs.
So ordered.
Lewis, J., concurrs; Bradley, J., not sitting.