Ruger, Ch. J.
 

 The appellant, the N. Y., L. E. and Western R. R. Co., filed and served its petition under section 22 of chapter 140 of the Laws of 1850, being the general railroad act, to procure the appointment of commissioners to examine the proposed route of the Pittsburgh, Lackawana and Eortheastern Bailroad, in the towrl of Wayland, with a view of securing a change of its line where it is expected to cross the track of the former company.
 

 The reasons alleged in such petition for the desired change, were that the proposed crossing was objectionable and dangerous.
 

 First.
 
 Because it was proposed to be made at grade.
 

 Second.
 
 It crossed upon an acute angle.
 

 Third.
 
 It makes a sharp curve on either side of the petitioner’s road.
 

 
 *160
 

 Fourth.
 
 It crossed near the petitioner’s station, depot grounds and yard at Wayland.
 

 Fifth.
 
 It crossed near a sharp curve in the petitioner’s line.
 

 The objection was made by the respondent that the judge had no power to appoint commissioners for the purpose stated, under section 22 of the railroad act, but that the petitioner should have sought for relief in proceedings under sub-division 6 of section 28 of the same act. This objection was overruled and the judge appointed the commissioners. Upon appeal from the order of appointment the general term reversed the order upon the ground that the judge had no power, under section 22, to entertain an application for the purposes stated.
 

 We are of the opinion that the order of the general term was correct for the reasons stated in the opinion of Judge Haight. That a railroad corporation cannot, under any circumstances, avail itself of the provisions of section 22, to effect a change in the route of another railroad we do not undertake to decide, but we are of the opinion that where the objects sought are attainable under section 28, that mode of proceeding is exclusive and such objects cannot be secured by proceedings under section 22.
 

 Section 22, in general terms, provides that every company formed under that act, shall make and file a map and profile of its proposed route through any county, and give written notice of the time and place of such filing to each actual occupant of land, in such county proposed to be passed over by its track, and that any owner or occupant of such land, feeling aggrieved by such proposed location, may, within fifteen days after such notice, give notice of an application to a justice of the supreme court, for the appointment of a commissioner to examine the proposed route and the alteration thereof proposed by such owner and occupant and determine upon the propriety of such proposed alteration.
 

 In default of proceedings under this section by owners and occupants, it is obvious that it was the general intent of the act to make the proposed route fixed and absolute as against all those who were authorized to institute such proceedings. As to whether railroad corporations are included among such owners and occupants has been the subject of much discussion and consideration in the supreme court, and has resulted in conflicting decisions thereon. The question has not heretofore been directly passed upon in this court, but it has, on several occasions, been the subject of consideration here, and strong intimations have been given in favor of the views held by us on the subject.
 

 It was held in
 
 The Matter of the Boston, Hoosac T. and W. R. R. Co.
 
 (79 N. Y. 64), that the omission of a railroad
 
 *161
 
 company, whose track was proposed to be crossed by another railroad, to take proceedings under section 22, to effect a change of route, did not preclude It from availing itself of the power to contest the points of crossing under proceedings authorized by section 28. The- logical effect of this decision was that railroad corporations were not bound by the provisions of section 22, which precluded owners and occupants from objecting to the location of a proposed railroad, unless they instituted proceedings to effect a change of line within fifteen days after serving of notice of the proposed route. If railroad corporations were intended to be included under the general terms “ owners and occupants ” as used in that section, there would seem to be no reason why they should not be bound, like other owners and occupants, to the finality of the proposed route, after fifteen days have elapsed without proceedings taken. It seems to us from a consideration of the whole act, that the legislature intended to make a distinction between the modes to be adopted by railroad corporations to acquire the use of the property of another railroad corporation, and that pursued against owners and occupants generally, whose property was intended to be secured through the exercise of the right of eminent domain. Any other construction would lead to conflicting results. Suppose a commission appointed under section 22 should determine to change the proposed route, and a subsequent commission appointed under section 28, should decide that the original point of crossing was the safest, best and most desirable for all parties, which would prevail?
 

 The authority conferring power upon the respective commissioners, is equally broad in each case, and it is quite absurd to suppose that the legislature intended to give to either commission authority to review and reverse the determination of its predecessor.
 

 It is equally absurd to suppose that the legislature intended to give a railroad corporation the right to contest the crossing of its tracks by another corporation through two successive and independent proceedings. Such a purpose cannot be ascribed to it, except by the'use of clear and express provisions in an act providing therefor.
 

 The mode of settling disputes as to crossings between contesting railroad corporations, having been made the subject of express provision by the statute, it must be held, in accordance with established rules, that such mode is exclusive, and was intended to withhold"from them the right to adopt proceedings under general provisions applicable to the rights of the public at large.
 

 It is a settled rule of construction that when rights are conferred by statute and specific remedies provided therein for their protection, that such remedies are exclusive and must be pursued.
 
 Dudley
 
 v.
 
 Mayhew,
 
 3 N. Y., 14. It
 
 *162
 
 seems to us that this case is clearly within the spirit of the rule.
 

 Section 28 gives one railroad corporation a right to cross and intersect the tracks of another, and provides, in case they cannot agree upon the amount of compensation therefor, or the line or lines, the grade or grades, points and manner of such crossings or connections, the same shall be ascertained and determined by commissioners. The tribunal authorized by this section has, therefore, full authority to determine whether the crossing shall be made above, below or at grade, or whether the proposed line should be changed to establish the points and manner of its crossing, and, in shorty to consider and decide every question raised by the petition in this case, whether it relates to the proximity of its station yards and depot, the lines of the respective roads, or the propriety of a grade crossing.
 
 B. H. T. and W. R. R. Co., supra.
 

 It is unreasonable to suppose that the legislature intended to provide that these rights should be adjudicated upon by two independent and perhaps conflicting tribunals with no mode provided for reconciling and harmonizing incongruous adjudications, if any should be made, and no rule laid down whereby it could be resolved which determination should prevail.
 

 The act is succeptible of another construction and we think it should be given to it. , This was quite strongly intimated in
 
 The Matter of the Application of Lake Shore and M. S. R. R. Co.
 
 (89 N. Y., 444), in the opinion of Judge Tracy, and was assumed to be the rule in respect to-railroad crossings in
 
 The Matter of the Application of N. Y,, L. E. and W. R. R. Co.
 
 (99 N. Y., 388). By such a construction no substantial rights of a railroad company whose tracks are proposed to be crossed, can be jeopardized, and it will not only deprive such corporation of an opportunity to embarrass rival corporations by successive and repeated litigation, but will render the scheme provided by the act, consistent, reasonable and harmonious and capable of uniform, precise and impartial administration by the courts.
 

 The orders appealed from should be affirmed, with costs.
 

 All concur.
 

 Affirming 7 N. Y. State Rep., 791.