## *In re* LONG *et al.*

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

COSTS—ALLOWANCE IN SPECIAL PROCEEDINGS.

> Where there is a trial in a proceeding in the supreme court of New York by village trustees to acquire land for sewerage purposes, and questions of law and fact are litigated and costs are allowed as for services in a civil action, such allowance will not be disturbed; Code Civil Proc. N. Y. § 3240, providing that costs in a special proceeding instituted in a court of record, or taken to a court of record on appeal, may be awarded to a party, in the discretion of the court, at the rates allowed for similar services in an action brought in the same court.

Motion at general term to retax costs on appeal to general term.

Application by Edward B. Long and others, as trustees of the village of White Plains, to acquire land for the purpose of sewers. From an intermediate order made by the court at special term in Dutchess county, overruling certain issues raised by land-owner's answer, after a trial of the issues of fact, the land-owner appealed to the general term, which affirmed the order, with costs. Costs were taxed by the clerk as on appeal from a judgment, and the land-owner applied at general term for a retaxation, claiming that "motion costs" only were allowable.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. P. Butler*, for appellant.    *H. T. Dykman*, for respondent.

PRATT, J.   We think the costs were properly taxed and must stand.   This matter comes under section 3240, Code Civil Proc.   There was a trial and questions of law and fact litigated, and, costs having been allowed as for like services in a civil action, they must stand.   Although in the form of an appeal from an order, there were issues tried, and an adjudication had in a special proceeding.   Affirmed, with costs.   All concur.

---

## FREEMAN *v.* GLENS FALLS PAPER-MILL CO.

*(Supreme Court, General Term, Third Department. July 11, 1891.)*

1. MASTER AND SERVANT—DANGEROUS PREMISES—REQUIREMENT OF STATUTE.

> While plaintiff's intestate was at work in the elevator shaft of defendant's factory, a barrel on a floor above was set in motion by the vibrations of the machinery, and, rolling under the bar, which was the only guard to the elevator shaft, fell on intestate, and caused injuries which resulted in his death. *Held*, that evidence of defendant's failure to comply with Laws N. Y. 1887, c. 462, § 8, requiring the owner, etc., of a factory in which elevators are used to provide trap or automatic doors at all elevator ways, so as to form a substantial surface when closed, which failure section 20 declares shall be a misdemeanor, made out a case of *prima facie* negligence on the part of the owner. *McRickard* v. *Flint*, 114 N. Y. 222, 21 N. E. Rep. 153, followed.

2. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

> Evidence that decedent failed to put in place a bar used to guard the entrance to the elevator shaft, which, in fact, was not sufficient to prevent the barrel from falling into the shaft, and that he was not necessarily in the elevator shaft in the performance of the work about which he was employed, is not sufficient proof of contributory negligence to justify the trial judge in dismissing the complaint.

3. SAME—RISKS ASSUMED.

> In the absence of proof charging him with knowledge of the fact that articles liable to be precipitated down the elevator shaft were left on the upper floor, it cannot be said that decedent assumed the risk of injuries resulting from the fall of such articles, and it is immaterial that they were left in their dangerous position by a fellow-servant.

Appeal from circuit court, Saratoga county.

Action by Louisa Freeman, administratrix, etc., of George Freeman, deceased, against the Glens Falls Paper-Mill Company, for the alleged negli-