DWIGHT, P. J., and MACOMBER, J., concurred.

Defendant's motion for a new trial denied, with costs, and judgment ordered for the plaintiff on the verdict.

---

IN THE MATTER OF THE APPLICATION OF THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY TO APPRAISE CERTAIN LANDS OF FREDERICK BRINKMAN AND OTHERS.

*Eminent domain — costs allowed where the petitioner fails to make an offer — extra allowance — trial fee.*

A railroad corporation took proceedings, under title 1 of chapter 23 of the Code of Civil Procedure, to condemn certain real property, in which Frederick Brinkman and others, parties to the proceedings, served an answer, which was subsequently withdrawn, and the matter proceeded as if no answer had been interposed.

No testimony was given before the commissioners, nor considered by them, except the question as to the value of the premises, nor was any offer made, under section 3372 of the Code of Civil Procedure, to purchase the premises at a specified price. The commissioners reported that the owners should be paid $550.

Section 3372 (*supra*) provides that if no offer be made the court shall direct that the defendant shall recover of the plaintiff the costs of the proceeding, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances before and after the notice of trial; and that the court may also grant an additional allowance of costs not exceeding five per centum upon the amount awarded.

Upon the confirmation of the report of the commissioners costs were demanded by the owners.

*Held*, that as no offer had been made they were entitled to costs before and after notice of trial, and to an additional allowance of five per cent.

That costs in these proceedings are not governed by sections 1015 and 3251, subdivision 3, of the Code of Civil Procedure.

*Semble*, that the owners were not in this case entitled to a trial fee.

Appeal by the defendants, Frederick Brinkman and Mary Brinkman, from so much of an order, made at the Erie Special Term, December 1, 1891, confirming the report of commissioners appointed in proceedings to condemn land by the right of eminent domain, as denied the application of the defendants for a direction that the defendants recover of plaintiff the costs of the proceedings, as in an action where a trial has been had, to be taxed by the clerk, for the reason and upon the ground that the court had not the power to make such direction or order; and also from so much of the said order as denied the application of the defendants that they be granted an additional allowance of costs, not exceeding five per cent of the amount awarded, for the reason and upon the ground that the court had not the power to make such direction or order in respect thereto; and from each and every part of said order, in so far as it denied the application of the defendants for costs.

The order appealed from as resettled was entered in the office of the clerk of Erie county on the 4th day of January, 1892.

*Norris Morey*, for the landowners, defendants and appellants.

*Daniel H. McMillan*, for the railroad, plaintiff and respondent.

Lewis, J. :

This is a proceeding instituted under title 1 of chapter 23 of the Code of Civil Procedure, entitled "Proceedings for the Condemnation of Real Property."

On presentation of the petition, the defendant Brinkman interposed an answer, but by stipulation of parties the answer was withdrawn, and the proceeding thereafter was continued practically as if no answer had been interposed. No testimony was given before the commissioners, nor considered by them, except the question as to the value of the premises to be acquired, and they thereafter made their report that there should be paid to the defendants for the property condemned the sum of $550. On the application at Special Term for confirmation of the commissioners report, the defendants appeared and made no opposition to the confirmation of the report, but asked that the order direct that defendants recover of the plaintiff costs of the proceeding, as in an action where a trial has been had, and for an additional allowance of costs. It was con-

ceded upon the hearing of the motion that no offer had been made by the plaintiff to purchase the property at a specified price. The report was confirmed. The defendants' application was denied for the alleged reason that the court had not the power to grant it; there was allowed by the order to the defendant Brinkman twenty-five dollars, together with disbursements.

Title 1 of chapter 23 of the Code of Civil Procedure was passed in 1890; it provides a new and complete system of practice for the condemnation of real property, which resembles in its main features the practice in ordinary actions. The proceeding is instituted by the service of a petition upon the owner of the land sought to be condemned in the same manner as an ordinary summons is served with a notice of a time and place at which it will be presented to a Special Term of the Supreme Court. On presentation of the petition, the owner may appear and interpose an answer which must contain a general or specific denial of each material allegation of the petition controverted by him, or of any knowledge or information thereof sufficient to form a belief, or a statement of new matter constituting a defense to the proceeding. The issues thus raised are tried by the court or referred to a referee to hear and determine. Exceptions may be filed and reviewed in the same manner as in ordinary actions. If judgment is in favor of the defendant, the petition will be dismissed, with costs to be taxed by the clerk at the same rates as are allowed, of course, to a defendant prevailing in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial. If the decision is in favor of the plaintiff, or if no answer has been interposed, and it appears from the petition that the petitioner is entitled to the relief demanded, judgment shall be entered adjudging that the condemnation of the real property described is necessary for public use, and commissioners are thereupon appointed. Section 3372 makes provision for cases where answers are not interposed. It provides that the petitioner may, before he serves his petition and notice, make a written offer to the owner to purchase the property at a specified price, and the owner may, at the time of the presentation of the petition, or at any other time previously, give written notice of his acceptance of the offer, and upon filing the petition with proof of the offer and its acceptance, an order may be entered that upon payment of the

compensation agreed upon the petitioner may enter into possession of the property, and hold the same for public use. If the offer is not accepted, and the compensation awarded by the commissioners does not exceed the amount of the offer, with interest from the time it was made, no costs shall be allowed to either party. If the compensation awarded shall exceed the amount of the offer, with interest from the time it was made, or if no offer be made the court shall, in the final order, direct that the defendant recover of the plaintiff the costs of the proceeding to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial, and the court may also grant an additional allowance of costs not exceeding five per centum upon the amount awarded.

The legislature obviously intended by this section to provide indemnity to an owner who has been subjected to the expense of an investigation in case of the failure of the petitioner to make a preliminary offer for the property. The steps in the proceeding are similar to those for the commencement and prosecution of an ordinary action. The petition is served in place of a summons. The owner is required to appear and look after the appointment of the commissioners. He is subjected to the trouble and expense of preparing for the hearing by procuring witnesses. There is the same necessity for counsel as in ordinary actions. The hearing in such cases frequently consumes considerable time. The questions involved are sometimes intricate, especially in cases where the land taken forms a part of a larger tract owned by the defendant, and the question, therefore, of damages to the remaining land is involved. The provision as to an allowance of additional cost does not depend, as in section 3253, upon an answer having been interposed or upon the proceeding being difficult and extraordinary. No such condition is contained in the section, but the court is given the discretion to grant an additional allowance of cost when no offer has been made as in this case. This provision was, undoubtedly, inserted in this section with a view of giving the court the discretion of granting an additional allowance of costs for the purpose of compensating the owner, in a proper case, for the expense he may have been subjected to in summoning witnesses and attending the hearing

before the commissioners, with his counsel. In ordinary real estate purchases the would-be purchaser is required to negotiate with the owner as to the price to be paid for the land. When lands are to be condemned for public use the petitioner is required by section 3372 to enter into negotiations with the owner and make a reasonable offer for the property or incur the liability to pay costs to the owner. The amount of costs to be recovered is not controlled by subdivision 3 of section 3251 of the Code, for the hearing before the commissioners is not in any sense a motion or a reference. Neither is it controlled by section 1015, for it is not the taking of an account. Defendant was clearly entitled to the items of ten and fifteen dollars allowed him for proceedings before and after notice of trial. They are expressly mentioned as items of cost to which he was entitled. In the memorandum of decision of the court at Special Term printed in the case the learned justice states : " I think this is a proper case for allowance of costs, including trial fee, as in an action, and for extra allowance if the court had the power to grant it.

We think there should have been allowed to the defendant, as an additional allowance of costs, the sum of twenty-seven dollars and fifty cents, being five per centum upon the amount awarded. .

Whether the defendant is entitled to a trial fee is a more difficult question. There was no issue of fact or of law in the proceeding. Sections 3367 and 3372 speak only of trials in connection with issues raised by an answer. Strictly speaking, the hearing before the commissioners is not a trial. It is more like an assessment of damages in an ordinary action where no answer has been interposed. While the question is not free from doubt, we are inclined to think that the appellant was not entitled to a trial fee.

The portion of the order appealed from should be modified so as to give the defendants, in addition to the twenty-five dollars and the disbursements, the sum of twenty-seven dollars and fifty cents as an additional allowance of costs, and the defendant should recover of the plaintiff ten dollars costs and the disbursements of the appeal.

DWIGHT, P. J., and MACOMBER, J., concurred.

Order appealed from modified as indicated in the opinion, and as modified affirmed, with costs of this appeal to the defendants.