## 252 MATTER OF LIMA, ETC., R. CO.

All concurred.

Judgment and order appealed from affirmed.

---

In the Matter of the Application of THE LIMA AND HONEOYE FALLS RAILWAY COMPANY, Appellant.

THE TRUSTEES OF THE VILLAGE OF HONEOYE FALLS, Respondents.

*An application to the court, under section 11 of article 1 of the General Railroad Law (Ch. 565 of 1890) is a special proceeding — costs.*

An application to a Special Term of the Supreme Court, under section 11 of article 1 of the General Railroad Law (Chap. 565 of the Laws of 1890), by a railroad company, for authority to construct its road upon a street in an incorporated village, is a special proceeding, and costs as of an action are allowable therein, in the discretion of the court, under section 3240 of the Code of Civil Procedure.

APPEAL by the petitioner, the Lima and Honeoye Falls Railway Company, from that portion of an order of the Supreme Court, made at the Steuben Special Term, and entered in the office of the clerk of that county on the 27th day of August, 1892, denying its application herein, which awards costs of this proceeding as of an action to the respondents, the Trustees of the Village of Honeoye Falls.

*E. A. Nash*, for the appellant.

*C. H. Shuart*, for the respondents.

DWIGHT, P. J. :

The application was for authority to construct and operate the petitioner's road upon and along Main street in the village of Honeoye Falls. It was made under section 11 of article 1 of the Railroad Law (Laws of 1890, chap. 565). Notice, as required by the section cited, was given to the board of trustees of the village, and they appeared and opposed the application. It was heard on the petition of the applicant, supported by numerous affidavits on the one hand, and on the remonstrance of residents and property holders on the street and affidavits on the other hand. The court denied the application and awarded to the trustees of the village costs of the proceeding as of an action, to be paid by the petitioner. The appeal is from the last-mentioned provision of the order.

It is plain that the question involved is one of definition. If the application and its prosecution was a special proceeding, then the costs as of an action were properly awarded, in the discretion of the court (Code Civ. Proc. § 3240), and that it was such we have no doubt. It was not an action. It must, therefore, have been a special proceeding or a motion. What is a motion is defined by sections 767, 768 of the Code of Civil Procedure. By that definition an order is a direction of a court or judge made *in an action or special proceeding*, and the application for such an order is a motion. This, we think, indicates the characteristic which distinguishes a motion from a special proceeding, viz., that a motion is an application in a proceeding — by action or otherwise — already pending or about to be commenced, upon which it depends for jurisdiction; whereas a special proceeding is an independent prosecution of a remedy, in which jurisdiction is obtained by original process.

This is in harmony with the definition, or partial definition, of a special proceeding contained in sections 3333, 3334 of the same Code. By those sections it is declared that every prosecution, other than an action, for the protection or enforcement of a right or the redress or prevention of a wrong, is a special proceeding. This does not purport to be an exhaustive definition of a special proceeding, but it is probably sufficient for the purposes of this discussion. It indicates that a special proceeding is the prosecution of a remedy by original process and independently of any other proceeding, which is opposed to the definition of a motion.

Counsel for the appellant argue that the application in this case is not within the last definition, because it is not for the enforcement of a right but for the procurement of a favor. But we think the criticism is not just. The General Railroad Law, under which this application was made, gives to every railroad corporation, subject to the limitations and requirements of the same statute, *power* " to con·struct its road across, along or upon any * * * highway * * * which the route of its road shall intersect or touch " (Art. 1, § 4, subd. 4), but, by section 11, already cited, makes it a condition precedent of the exercise of that power in respect to a street in any incorporated village that it shall procure the order of the Supreme Court at Special Term, on notice to the board of trustees of such village. Undoubtedly the word " power " as used in the provision of statute above quoted is synonymous with " right," and the effect of the provision is to give to the railroad, subject to certain conditions, the right to build its road along the highway, and it was to bring itself within the conditions necessary for the exercise of that right that this application was made. The fact that the court has the power to refuse the order asked for does not change the nature of the application. It was in a very proper sense a proceeding for the enforcement of a right, claimed by the petitioner, though not granted by the court.

But, as already said, the definition of section 3334 does not purport to be exhaustive; it declares that certain prosecutions are special proceedings, but it does not exclude all other proceedings from the same category. This application was certainly not an action. It was not a motion in any action or other proceeding. It must have been, we suppose, a special proceeding.

This precise question seems not to have been adjudicated in any reported case, but the decisions in the following cases are in accord with the principles above stated. (*Rens. & Sar. R. R. Co.* v. *Davis*, 55 N. Y. 145; *Matter of Jetter*, 78 id. 601; *Matter of Long*, 39 N. Y. St. Repr. 892; *Matter of Holden*, 126 N. Y. 589.)

We can have no doubt that the proceeding on this application was a special proceeding within the provision of section 3240 of the Code of Civil Procedure, and that costs as of an action were properly awarded to the respondents, in the discretion of the court.

The order appealed from must be affirmed, with costs.

LEWIS, MACOMBER and HAIGHT, JJ., concurred.

That portion of the order appealed from affirmed, with ten dollars costs and disbursements.