THE HORNELLSVILLE ELECTRIC RAILWAY COMPANY, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

83h 407
e55ad633

*Condemnation proceedings by a street surface railroad corporation to extend its lines — jurisdiction, how obtained — land already dedicated by law to a public use — when it may be condemned — right of one railroad company to cross the tracks of another — amount of damages not interfered with upon appeal — costs discretionary — trial under Code of Civil Procedure, section 3372.*

While the provisions of section 6 of chapter 565 of the Laws of 1890 were in force in their application to street surface railroad corporations, the filing of the map and profile and the service of the written notice therein provided for were essential to the support of a proceeding instituted by such a corporation to acquire title to real property by condemnation in order to extend the lines of its road, but the amendment of such act by chapter 676 of the Laws of 1892 relieved such a corporation from a compliance with the provisions of section 6 of the act of 1890.

Where the corporate existence of a street surface railroad corporation is unquestioned, its proceedings to acquire such rights as are necessary for the construction and operation of its road must be governed by the statutes in force at the time such proceedings are taken and conducted.

The provision of section 2 of chapter 676 of the Laws of 1892, to the effect that in the certificate of incorporation of a street surface railroad, there should be stated the names and description of the streets, avenues and highways in which the railroad is to be constructed, is not applicable to a corporation created under the provisions of chapter 565 of the Laws of 1890.

Jurisdiction is obtained in condemnation proceedings by the service of the petition and requisite notice; although the Legislature cannot dispense with the giving of notice in such proceedings, it may by statute prescribe the kind of notice, and the mode of giving it.

Land already dedicated by law to a public use cannot, unless such power be expressly conferred by statute, be appropriated to another public use, but the right of a street surface railroad company to have its tracks intersect with those of a steam railroad company is provided for by section 4 of chapter 676 of the

Laws of 1892, notwithstanding the fact that the steam railroad company has title in fee to the land at that place in the street subject to the easement of the public; the right of crossing the tracks is not necessarily inconsistent with the purpose to which the land was originally appropriated, and the objection to the proposed crossing of the tracks on the ground that it will interfere with the use by the steam railroad of its tracks, presents a question for the consideration of the commissioners in condemnation proceedings.

Where, upon the review of condemnation proceedings, the conclusion is not fairly required that the commissioners erred in their award in respect to the amount of damages, and it does not appear that they adopted any erroneous principle in the method of estimating the same, their disposition of the question will not be overruled on appeal.

The allowance of costs in a special proceeding rests in the discretion of the court, and a proceeding instituted under the statute by a railroad company to acquire the right to cross the tracks of another railroad company, is not, in the strict sense of the term, a condemnation proceeding to acquire title to land, and the rule of discretion in respect to the granting of costs is applicable to such a proceeding.

The word "trial," as used in section 3372 of the Code of Civil Procedure, refers to the trial of the issues raised by the petition and answer referred to in section 3367 in proceedings brought for the condemnation of real estate.

APPEAL by the defendant, The New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 24th day of September, 1892, upon the report of a referee, and also from the referee's report, and also from an order of the Supreme Court, made at the Yates Special Term and entered in the office of the clerk of the county of Steuben on the 7th day of December, 1892, confirming the report of the commissioners appointed herein, and also from the report of such commissioners; also from an order of the Supreme Court, made at the Monroe Special Term and entered in the Steuben county clerk's office on January 3, 1893, denying the defendant's motion that costs be allowed to it.

*James H. Stevens*, for the appellant.

*De Merville Page*, for the respondent.

BRADLEY, J. :

The plaintiff was duly incorporated December 17, 1891. At that time, and until June 7, 1892, the statute provided that before con-

structing any part of its road, or instituting any proceeding for the condemnation of real property, a railroad company should make a map and profile of the route and file it in the office of the clerk of the county in which the road was to be made, and give written notice of the time and place they were filed to the occupants of the lands over which the proposed route passed, that they, within fifteen days after such notice, might, upon ten days' notice, make application to the court for the appointment of commissioners to examine the route, etc., and that the corporation should not in the meantime, nor until the determination of such application (if made), institute any proceedings for the condemnation of real property. (Laws 1890, chap. 565, §§ 5, 6.) This statute by amendment, taking effect June 7, 1892, relieved street surface railroad corporations from the operation of the provisions before mentioned. (Laws 1892, chap. 676, § 6.) The plaintiff being such a corporation gave no written notice of any such map and profile, and no profile was filed. Nor was it required by the statute existing at the time the proceedings were instituted by the plaintiff to establish and acquire the right to construct its road. But, by section 90 of chapter 676, Laws of 1892, it was provided that "a street surface railroad corporation may file, in each of the offices in which its certificates of incorporation are filed, a statement of the names and descriptions of the streets, roads and highways in which it is proposed to extend its road. Upon filing such statement such corporation shall, except as otherwise prescribed by law, have the same power and privileges to extend, construct, operate and maintain its road in such streets, roads and highways as it acquired by its incorporation to construct, operate and maintain its road in the streets, roads and highways named in its certificate of incorporation."

After the statutory provision requiring the filing of a map and profile, and the giving of written notice thereof, ceased to exist, and in August, 1892, this proceeding was instituted by petition made in conformity with the statute, which with the notice was duly served upon the defendant, and the latter, after making preliminary objections and excepting to the overruling of them, answered the petition.

Thereupon further proceedings were in due form had to their conclusion. While such provisions of section 6 of chapter 565, Laws of 1890, were in force in their application to street surface

railroad corporations, the filing of the map and profile and such a written notice were essential to the support of a proceeding of this character to acquire the rights which the plaintiff seeks to obtain. (*Matter of R. E. R. Co.*, 123 N. Y. 351.) But as there was no such statutory provision applicable to the plaintiff's proceeding at the time it was commenced or thereafter, that question does not arise for consideration.

By the act of 1892 (§ 2) it was provided that in the certificate of incorporation of a street surface railroad should be stated " the names and description of the streets, avenues and highways in which the road is to be constructed." This was not made requisite by the provisions of the statute under which the plaintiff was incorporated. (Laws 1890, chap. 565, § 2.) And it may be that the certificate contained no such statement, nor is such amended provision applicable to the plaintiff. Its corporate existence is not questioned, and its proceedings to acquire such rights as are necessary for the construction and operation of its road must be governed by the statutes in force at the time they are taken and conducted.

On April 27, 1892, the plaintiff filed in the office of the clerk of Steuben county (that being the county in which the plaintiff's office is located and in which is included the entire route of its road) a map showing the route upon Canisteo street and other streets. The map so filed was in its contents a substantial compliance with the statute as it contained all that was made requisite by the provisions of section 90 of the act of 1892. It may be assumed that the plaintiff's certificate of incorporation was filed in the office of the clerk of the county of Steuben as well as in the office of the Secretary of State. (Laws 1892, chap. 687, § 5.) It does not appear in the record here that such map or statement was or was not filed in the office of the Secretary of State. Whether or not that was necessary requires no consideration, as the question was not specifically raised in the proceeding. The defendant's counsel insisted that it was essential to the legality of the proceeding that a map and profile of the proposed route be filed in the office of the county clerk and notice given as required by the act of 1890.

As has been observed, the change in the statute rendered that unnecessary.

The defendant's first proposition is not sustained.

In the petition by which this proceeding was instituted was stated the purpose of the plaintiff to extend its road along Canisteo street and to intersect with it the defendant's railroad tracks where they pass over that street, and the land which the plaintiff proposed to use there for its road was definitely described. By the petition the defendant was advised of the purpose of the proceeding and of the land sought for use in the intersection of its tracks, and by the service of the petition with the requisite notice jurisdiction was given of the proceeding. (Code, § 3360; *Rochester R. Co.* v. *Robinson*, 133 N. Y. 242.) While the Legislature cannot dispense with all notice, it may by statute prescribe the kind of notice and the mode of giving it. (*Stuart* v. *Palmer*, 74 N. Y. 183.) And thus is provided what is requisite to due process of law, which merely requires that a party shall be brought into court or have the opportunity afforded him to be duly heard there; and it is no objection that the Legislature has taken away one form of remedy or notice and provided another. (*People ex rel. Witherbee* v. *Supervisors*, 70 N. Y. 228; *Matter of Union R. R. Co.*, 112 id. 61.) In the present case notice annexed to the petition was, pursuant to the statute, duly given to the defendant of the time and place the petition would be and was presented to a Special Term of the Supreme Court held in the judicial district where the premises are situated. (Code Civ. Proc. § 3361.) The defendant, therefore, had its day in court. And it was within the jurisdiction and power of the court to grant the relief sought and obtained in the proceeding. The defendant's counsel also insists that the plaintiff could not condemn lands of the defendant acquired by it for and already appropriated to public use, and, therefore, could obtain no right to cross its tracks. It is true that land already dedicated by law to a public use cannot without power expressly conferred by statute be appropriated to another public use. (*Matter of City of Buffalo*, 68 N. Y. 167.) But the statute provides for the intersection of the railroad of one company by that of another. (Laws 1892, chap. 676, § 4, subd. 5.) And it may be added that the right of crossing sought by this proceeding is not necessarily inconsistent with the purpose to which the land is already appropriated and used by the defendant. And the objection to the proposed crossing by the plaintiff's road on the alleged ground that it will interfere with the use by the defendant of its

road was for the consideration of the commissioners. (*Matter of B., H. T. & W. Ry. Co.*, 79 N. Y. 64.) The fact that the defendant had title in fee to the land at that place in the street, subject to the easement of the public, does not for the purposes of the question here modify the practical effect of the proposition.

The determination by the commissioners of the question of damages is not satisfactory to the defendant. There was much evidence on the subject, and that given on the part of the defendant, in view of the number of tracks, the number and frequency of trains passing over its road at that place, and the delay and hazards which it was assumed might be encountered, and their consequences, tended to prove damages largely in excess of the amount awarded by the report of the commission. This, evidently, was based somewhat upon speculative consideration. And while upon the evidence the matter of damages was a subject susceptible of opinion widely differing as to the amount, the conclusion is not fairly required that the commissioners erred in their award in that respect. It does not appear that they adopted any erroneous principle in the method of estimating them. No occasion, therefore, appears for overruling their disposition of the question of damages.

The defendant contends that the denial of its motion for costs was error. The general rule applicable to special proceedings is that the allowance of costs is dependent upon the discretion of the court. (Code, § 3240 ; *Matter of Cortland, etc., R. R. Co.*, 98 N. Y. 336.)

A proceeding under the statute by a railroad company to acquire the right to cross the tracks of another railroad company is not in the strict sense of the term a condemnation proceeding to acquire title to land, and the rule of discretion before mentioned as to costs is applicable. (*Matter of Lima, etc., R. Co.*, 68 Hun, 252.) This may, I think, be treated as such a proceeding. (*Matter of Lockport & B. R. R. Co.*, 77 N. Y. 557 ; *Buffalo, etc., R. R. Co. v. N. Y., L. E. & W. R. R. Co.*, 72 Hun, 583.) In that view no substantial reason appears to require the court on this review to disagree with the Special Term on the subject of costs. But if it be assumed that this case comes within the meaning of a proceeding to condemn real property, it is not seen that the defendant was, as matter of right, entitled to costs.

The statute, in such case, provides that the moving party, before service of petition, may make a written offer to purchase the property at a specified price; that the owner may accept the offer, and thereupon an order may be entered to accomplish the purpose of the proceeding. If, however, the petitioner makes no offer or the defendant does not accept that made, and the amount awarded exceeds that of the offer, the defendant is entitled to costs. But if a trial is had and all the issues are determined in favor of the plaintiff, the defendant is not entitled to costs. (Code Civ. Proc. § 3372.) In the present case the plaintiff made no offer, the defendant answered the petition, and all the material issues were determined in favor of the plaintiff.

The trial mentioned in that section has reference to issues raised by the petition and answer, and referred to in section 3367.

In the *Matter of L. S. & M. S. Ry. Co.* (65 Hun, 538) all the costs awarded may be deemed to have been allowed by the exercise of the discretion of the court. No other question requires the expression of consideration.

The judgment and orders should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and orders appealed from affirmed, without costs of this appeal to either party.