VILLAGE OF ST. JOHNSVILLE v. CRONK et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—COSTS.

Code Civ. Proc. § 3367, requires the court in condemnation proceedings either to try or refer any issue presented by the petition and answer. Section 3372 declares that, if the plaintiff makes no offer to purchase, the court shall allow defendant costs, to be taxed at the same rate as is allowed of course to the defendant when he is the prevailing party in an action in the supreme court, including the allowances for proceedings before and after notice of trial, with an additional allowance not exceeding 5 per cent. on the amount awarded. *Held*, that where a petition was presented to the court for condemnation of property, and petitioner made no offer to purchase, but the owner served no answer, and no reference was ordered, and the only proceedings had were the assessment of damages by commissioners appointed, who awarded defendant a certain sum, no issue was raised as contemplated by section 3367, and hence defendant was not entitled to a trial fee as part of the costs of the proceeding.

Kellogg, J., dissenting.

Appeal from special term, Montgomery county.

Proceeding by the village of St. Johnsville against Charles Cronk, impleaded with others. From an order modifying the clerk's taxation of costs, defendant appeals. Affirmed.

A petition was presented to the special term of the supreme court by the village of St. Johnsville, in 1899, for the condemnation of certain real estate for public use. No answer was served. No reference was ordered. Commissioners were appointed to assess damages. No offer of any sum was made by the petitioner. Such further proceedings were had to a conclusion that defendant Charles Cronk was awarded a substantial sum as the value of the real estate so taken. On taxation of costs in favor of defendant Cronk, the clerk allowed a trial fee of $30, and $10 for a trial occupying more than two days. On application of plaintiff a review of such taxation of costs was had.

at special term, and an order was there made directing the clerk to strike out the items mentioned. From such order this appeal is taken.

Argued before PARKER, P. J., and MERWIN, SMITH, KELLOGG, and EDWARDS, JJ.

L. F. Fish (R. B. Fish, of counsel), for appellant.
Edward R. Hall (George C. Butler, of counsel), for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements. All concur, except KELLOGG, J., who dissents.

KELLOGG, J. (dissenting). I think the order appealed from should be reversed, and the items of costs, viz. a trial fee, $30, and $10 for a trial occupying more than two days, should be allowed the defendant. This seems to me the only conclusion the plain reading of that portion of the Code of Civil Procedure which governs (section 3372) points to. This section reads:

"In all cases  *  *  *  the plaintiff before service of his petition may make a written offer to purchase the property at a specified price.  *  *  *  The owner may, at the time of the presentation of the petition, or at any time previously, serve notice in writing of the acceptance of plaintiff's offer, and thereupon the plaintiff may  *  *  *  enter an order that upon payment of the compensation agreed upon he may enter into possession,  *  *  *  and hold it for the public use. If the offer is not accepted, and the compensation awarded by the commissioners does not exceed the amount of the offer,  *  *  *  no costs shall be allowed to either party. If the compensation awarded shall exceed the amount of the offer,  *  *  *  or if no offer was made, the court shall in the final order direct that the defendant recover of the plaintiff the costs of the proceeding to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the supreme court, including the allowances for proceedings before and after notice of trial. And the court may also grant an additional allowance of costs not exceeding five per centum upon the amount awarded."

It seems to me very clear that the legislature here intended, when the plaintiff failed to make any offer, or failed to make a sufficient offer, thus necessitating the creation of a tribunal, to wit, a court presided over by commissioners, to hear the proofs and arguments, and to give judgment, which might be appealed from, that this was to be regarded as a trial. It is idle to contend that there were no issues to be determined; no contest of parties. Why else should there be proof or argument? Why all the forms to be observed as in the trial of an action in the supreme court? I think it requires no argument to force the judgment to the conclusion that the legislature meant to have such proceedings before the commissioners interpreted as the equivalent of a trial of questions of fact in the supreme court. This is plain to me from the language used, "including the allowances for proceedings before and after notice of trial," and the provision touching additional allowance of costs. Literally, there was no "notice of trial" before the commissioners, only an appointment of a time and place by the court for a hearing. Additional allowance in an action in the supreme court, where there has been no issue joined to be tried, is unknown, except where the Code provides for it in special cases as in partition. I think the language of section 3369 is also corroborative of this view. This

section relates to costs where an answer has been served, and issues raised thereby have been tried by the court or referee, and the language is:

"Judgment shall be entered pursuant to the direction of the court or referee in the decision filed. If in favor of the defendant, the petition shall be dismissed, with costs, to be taxed by the clerk at the same rates as are allowed of course to a defendant prevailing in an action in the supreme court, including the allowances for proceedings before and after notice of trial."

It will be observed that these are cases in which a trial, in its ordinary sense, has been actually had; and also that the language used touching the matter of costs is identical with that used in section 3372 where the hearing is before the commissioners only. It will not be disputed that in the cases where an answer has been interposed, and trial has been had, a trial fee is taxable. Why should the same language receive a different interpretation in section 3372? The cases relied upon by respondent, viz. Railway Co. v. Kent, 80 Hun, 559, 30 N. Y. Supp. 959, Hornellsville E. Ry. Co. v. New York, L. E. & W. R. Co., 83 Hun, 413, 31 N. Y. Supp. 745, and City of Johnstown v. Frederick, 35 App. Div. 44, 54 N. Y. Supp. 412, do not support its contention. In all of these cases an answer was served, and a trial was had as provided by section 3367, and costs in such cases are provided for in section 3369 and in the last portion of section 3372. These cases do not decide the question here, nor is any portion of the opinion in either case directed to this question, except in the opinion of Bradley, J. (83 Hun, 413, 31 N. Y. Supp. 745), and this is suggestive. He there says:

"The statute provides that the moving party, before service of petition, may make a written offer to purchase the property at a specified price; that the owner may accept the offer, and thereupon an order may be entered to accomplish the purpose of the proceeding. If, however, the petitioner makes no offer, or the defendant does not accept that made, and the amount awarded exceeds that of the offer, the defendant is entitled to costs. In the present case the plaintiff made no offer. The defendant answered the petition, and all the material issues were determined in favor of the plaintiff. The trial mentioned in that section (the latter part of section 3372) has reference to issues raised by the petition and answer, and referred to in section 3367."

This case might properly have been cited by the appellant in support of his contention that, no offer having been made, and no answer having been served, the defendant, by the express declaration of section 3372 and the opinion of Justice Bradley, is entitled to costs.

The order should be reversed, with $10 costs of this appeal, besides disbursements and $10 costs of motion at special term.