(80 Hun, 557.)

### MANHATTAN RY. CO. et al. v. KENT et al.

(Supreme Court, General Term, First Department.   October 12, 1894.)

CONDEMNATION PROCEEDINGS—COSTS—OFFER OF COMPENSATION.

A recital that the parties were unable to agree on the amount of compensation for easements taken by an elevated railroad contained in a judgment enjoining the operation of the railroad until the company should acquire the easements does not show that an offer of compensation was made and rejected within Code Civ. Proc. § 3372, providing that plaintiff in condemnation proceedings shall be liable for costs unless such offer was made and refused.

Appeal from special term, New York county.

Proceeding by the Manhattan Railway Company and another against Julia A. Kent, individually and as trustee, and others, to acquire so much of the easement appurtenant to premises owned by defendants, and known as numbers 1, 3, and 5 New Bowery, in the city of New York, as has been taken by the maintenance of petitioners' elevated railway in front of such premises.   From an order granting defendants' motions for costs and for an extra allowance, and amending the final order so as to direct the recovery of such costs and allowance, petitioners appeal.   Affirmed.

The petition was presented to the court on March 1, 1894, and no answer was interposed on behalf of the adult defendants.   There were certain classes of persons not in being, who, upon their coming into being, would have certain interests in the property sought to be condemned, and upon the presentation of the petition an attorney was appointed to represent their interests.   He interposed an answer submitting their rights to the protection of the court, and thereupon an order was entered on March 19, 1894, referring the matter to William T. Gray, Esq., as referee to hear and determine as to the truth of the allegations in the petition, pursuant to section 3367 of the Code of Civil Procedure.   The referee heard the proofs, and found that the allegations in plaintiffs' petition were true, and upon his report a judgment was entered on April 16, 1894, in favor of plaintiffs, adjudging their right to condemn the property, and appointing commissioners of appraisal to ascertain the compensation to be paid.   The matter then proceeded before the commissioners of appraisal, and resulted in an award on May 9, 1894, which award was confirmed on motion of plaintiffs, and a final order entered on July 6, 1894.   An equity action was begun in the superior court some years before, by defendant owners against plaintiff companies, for an injunction against the maintenance of plaintiffs' elevated railway, and to recover the damages incidental to the past maintenance of the same.   This action came on for trial at an equity term of that court held in October, 1893, and, together with some 15 or 20 other similar cases, was disposed of by an interlocutory judgment entered in this action on the 25th day of October, 1893.   This judgment recites that defendants (plaintiffs here) admitted that the property owners were seised of some estate in the premises described, and that the easements or other property taken for the maintenance of the elevated railway were of more than nominal value, and in return the property owners admitted that defendants in the action (plaintiffs here) had received authority to construct, maintain, and operate their railroad, etc., and were empowered by law to acquire the easements upon making compensation, and "that the parties to this action have been unable to agree as to the amount of such compensation."   Then follows the injunction, with the provision that it may be obviated if the railway companies acquire title to the easements in question by condemnation proceedings within six months from the date of entry of judgment.

Upon the settlement of the final order confirming the award, the defendants made application to this court, at a special term, for costs and an extra allowance, under Code Civ. Proc. § 3372, which reads as follows: "In all

cases where the owner is a resident and not under legal disability to convey title to real property, the plaintiff, before service of his petition and notice, may make a written offer to purchase the property at a specified price, which must within ten days thereafter be filed in the office of the clerk of the county where the property is situated, and which cannot be given in evidence before the commissioners or considered by them. The owner may at the time of the presentation of the petition, or at any time previously, serve notice in writing of the acceptance of plaintiff's offer, and thereupon the plaintiff may, upon filing the petition, with proof of the making of the offer and its acceptance, enter an order that upon payment of the compensation agreed upon he may enter into possession of the real property described in the petition, and take and hold it for the public use therein specified. If the offer is not accepted, and the compensation awarded by the commissioners does not exceed the amount of the offer, with interest from the time it was made, no costs shall be allowed to either party. If the compensation awarded shall exceed the amount of the offer, with interest from the time it was made, or if no offer was made, the court shall, in the final order, direct that the defendant recover of the plaintiff the costs of the proceeding to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the supreme court, including the allowances for proceedings before and after notice of trial, anu the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded. The court shall also direct in the final order what sum shall be paid to the general or special guardian, or committee or trustee of an infant, idiot, lunatic or habitual drunkard, or to an attorney appointed by the court to attend to the interests of any defendant upon whom other than personal service of the petition and notice may have been made, and who has not appeared, for costs, expenses and counsel fees, and by whom or out of what fund the same shall be paid. If a trial has been had, and all the issues determined in favor of the plaintiff, costs of the trial shall not be allowed to the defendant, but the plaintiff shall recover of any defendant answering, the costs of such trial caused by the interposition of the unsuccessful defence, to be taxed by the clerk at the same rate as is allowed to the prevailing party for the trial of an action in the supreme court."

The opinion of Mr. Justice ANDREWS at special term, granting defendants' motion for costs, is as follows:

Upon a further consideration of this matter, I have reached the conclusion that the defendants are entitled to costs. It is true that an interlocutory decree, entered in the superior court action, recites that the property owners admitted that the parties to that action had been unable to agree as to the amount of compensation; but this cannot be construed as an admission by the property owners that an offer of compensation had been made and rejected. It was the admission of a jurisdictional fact, which the railway company was obliged to allege in its petition, and prove before the referee unless it had been admitted. The inability to agree as to the compensation might arise from various reasons: The representative of the railway company might not be able to find or communicate with the owners; or the owners might refuse to have any negotiations in regard to the matter; or the failure to agree might result from the fact that no offer at all was made. Under these circumstances, I think that, notwithstanding such recital in the interlocutory judgment, the only way in which the railway company could relieve itself of liability for costs was to make an offer for the property. It is conceded that no such offer was made, and therefore I think the property owners are entitled to costs, and should also have an extra allowance of 5 per cent. upon the compensation awarded by commissioners.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

William H. Godden, for appellants.

A. B. Cruikshank, for respondents.

PER CURIAM. We see no reason for interfering with the order appealed from. The statute is explicit in its terms defining the circumstances under which parties to these proceedings are entitled to costs. It is true that there was an adjudication of the superior court that the parties were unable to agree as to a price; but there is no allegation in the petition, or any evidence, that any offer had been made which could possibly relieve the petitioners from the payment of costs. Under these circumstances, under the statute the defendants were entitled to the costs which were allowed them by the court. The order should be affirmed, with $10 costs and disbursements.