CITY OF JOHNSTOWN v. FREDERICK et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1898.)·

1. CONDEMNATION PROCEEDINGS—COSTS.
   In a condemnation proceeding, defendant interposed an answer. A trial was had before a referee, on whose report judgment was rendered for plaintiff. *Held*, that defendant was not entitled to costs of the trial, since Code Civ. Proc. § 3372, provides that if trial is had, and all issues determined for plaintiff, he shall recover of defendant his costs caused by the interposition of the unsuccessful defense.

2. SAME.
   Code Civ. Proc. § 3372, provides that if, in a condemnation proceeding, defendant interposes an answer, and a trial is had, ·and the issues determined in plaintiff's favor, plaintiff shall recover costs caused by such unsuccessful defense. *Held*, that a defendant interposing such defense would, however, be entitled to costs on the proceeding before the commissioners to assess damages, as the trial referred to is that which takes. place preliminary to the appointment of the commissioners.

3. SAME—WITNESS FEES.
   Under Code Civ. Proc. § 3372, providing that in a condemnation proceeding, if no offer has been made, or the recovery is in excess of the offer, the court shall direct that defendant recover his costs, defendant would be entitled to the fees of his witnesses produced before the commissioners assessing the damages.

Appeal from special term.

Action by the city of Johnstown against Adam Frederick and another for the condemnation of real estate. There was an order taxing costs against plaintiff, from which it appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Andrew J. Nellis, for appellant.
· N. H. Anibal, for respondents.

PUTNAM, J. The order confirming the report of the commissioners to ascertain the compensation to be made to the defendants in this proceeding provided that they recover of the plaintiff costs to be taxed, pursuant to the provisions of section 3372 of the Code of Civil Procedure, as if the compensation awarded had exceeded the amount

of the offer, with interest, and an additional allowance of costs, not exceeding 2 per cent. upon the amount awarded. The question arises, what costs the defendants were entitled to, under the provisions of the section of the Code of Civil Procedure referred to. Upon the presentation of the petition of plaintiff for the condemnation of the real estate therein described, the defendants interposed an answer, a trial was had before a referee, and on his report judgment was entered in favor of the plaintiff. Hence the defendants were not entitled to costs of the trial under the provisions of section 3369 of the Code of Civil Procedure, nor under section 3372, supra, which provides that:

"If a trial has been had, and all the issues determined in favor of the plaintiff, costs of the trial shall not be allowed to the defendant, but the plaintiff shall recover of any defendant answering the costs of such trial caused by the interposition of the unsuccessful defence, to be taxed by the clerk at the same rate as is allowed to the prevailing party for the trial of an action in the supreme court."

The only costs the defendants were entitled to were those on the proceeding to assess damages before the commissioners,—costs arising subsequent to the trial of the issue raised by the petition and answer. It has been determined that proceedings before commissioners in condemnation proceedings are not the trial contemplated by the statute. Such proceedings are a mere assessment of damages. The trial referred to in the statute is that which takes place preliminary to the appointment of the commissioners. Railway Co. v. Kent, 80 Hun, 559, 30 N. Y. Supp. 959; Id., 145 N. Y. 595, 40 N. E. 164.

As we have seen, the defendants were not entitled to the costs of the trial of the issue raised by the petition and answer, under the provisions of section 3369 or section 3372 of the Code of Civil Procedure. The objection, therefore, to the allowance to defendants of a trial fee, $40, and costs before and after trial, $25, was well taken. Whether the allowance of $82.23 made by the court was, under the circumstances, authorized, is not necessary to determine, as that item of the defendants' bill of costs was not objected to by the plaintiff.

The defendants, under the provisions of section 3372, supra, were entitled to be allowed the fees of their witnesses on the assessment of damages. There were hearings before the commissioners on July 9, September 30, October 16, December 5, December 16 and 17, 1897, and on January 27, 1898. We see no objection to the allowance to the defendants of the fees and mileage of necessary and material witnesses they produced before the commissioners on the successive adjourned days, except that mileage for witnesses on December 17, 1897, should not have been allowed. The hearing on that day was evidently a continuation of that of December 16th.

The order should be reversed, with $10 costs and disbursements, and the motion for a retaxation granted, with $10 costs; on such retaxation either party being allowed to read additional affidavits. All concur; PARKER, P. J., and MERWIN, J., in result.