In the Matter of the Application of CHARLES F. BLEY, Appellant, *v.* THE VILLAGE OF HAMBURG, Respondent.

*Assessment of damages for a change of grade in a village street — costs which may be allowed and taxed in favor of the petitioner.*

Under section 159 of the Village Law (Laws of 1897, chap. 414, as amd. by chap. 68 of the Laws of 1901), relative to the recovery of damages resulting from changing the grades of village streets, the petitioning property owner is not entitled, as a matter of right, to costs except for proceedings after the appointment of commissioners; the costs incurred prior to that time are in the discretion of the court, as in a special proceeding, to be allowed under section 3240 of the Code of Civil Procedure.

Where the issues raised by the petition for the appointment of commissioners to appraise the petitioner's damages, and the answer filed by the village, are tried before a referee who determines them in favor of the petitioner, it is competent for the court to insert in the order confirming the referee's report and appointing the commissioners of appraisal, a provision awarding costs to the petitioner. If, however, the court neglects to do so, the county clerk has no power, after the commissioners have appraised the petitioner's damages and the court has confirmed their report with costs to the petitioner, to tax in favor of the petitioner the costs of the proceedings before the referee as well as the costs of the proceedings before the commissioners of appraisal.

The provisions of the Condemnation Law (Code Civ. Proc. §§ 3357–3384) do not affect in any manner the costs incurred by a petitioner prior to the appointment of commissioners.

APPEAL by the petitioner, Charles F. Bley, from so much of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th

day of October, 1902, amending a bill of costs theretofore taxed by the clerk in favor of the petitioner, as reduces the same by striking therefrom the sum of eighty dollars.

The proceeding was instituted under section 159 of the Village Law (Laws of 1897, chap. 414, as amd. by Laws of 1901, chap. 68), to recover damages alleged to have been sustained by the plaintiff on account of the change of grade of Buffalo street in the village of Hamburg in front of his premises, which change was ordered by and made under the direction of the defendant.

*Edward N. Heath,* for the appellant.

*Le Roy Andrus* and *Perry M. Thorn,* for the respondent.

McLENNAN, J. :

The proceeding was commenced by the service of a petition by the plaintiff, asking for the appointment of commissioners to ascertain the compensation to be paid to the petitioner. The defendant made objections in writing to the form and sufficiency of the petition and to the jurisdiction of the court. An order was then made temporarily overruling said objections and permitting the defendant to file and serve its answer, which it did. The issues raised by the answer were referred to a referee to take the allegations and proofs of the parties, and to report the same to the court with the opinion of the referee. The taking of the testimony and the argument before the referee occupied more than two days, when the referee made his report, finding in effect that the petitioner was injuriously affected by the change of the grade of the street, and that the plaintiff was entitled to have commissioners appointed to ascertain the damages sustained by the petitioner thereby. Upon the presentation of said report the court at Special Term made an order confirming the report of the referee, and appointing three commissioners to determine the compensation to be paid to the petitioner. Said order did not direct or provide for the payment of any costs to the petitioner on account of such hearing before the referee, so far as appears by the record before us upon this appeal.

A hearing was had before the commissioners which lasted for more than six days, and the commissioners awarded to the petitioner the sum of $100 as his compensation for the change of grade of the street in question. The report of the commissioners, upon presenta-

tion to the court at Special Term, was confirmed with costs to the petitioner. Thereafter the petitioner procured a bill of costs to be taxed in his favor by the county clerk, which included the following items:

| | |
|---|---:|
| Costs before notice of trial before referee. ............. | $25 00 |
| Costs after notice and before trial................. | 15 00 |
| Trial fee issue of fact before referee. ................ | 30 00 |
| Trial fee issue of law before court. ................. | 20 00 |
| Trial fee more than two days.................... | 10 00 |
| Costs motion to confirm referee's report............... | 10 00 |

It also appears that in addition to these items the clerk taxed costs in favor of the plaintiff as follows:

| | |
|---|---:|
| Costs before notice of trial before commissioners........ | 25 00 |
| Costs after notice and before trial.................... | 15 00 |
| Trial fee before commissioners...................... | 30 00 |
| Costs on motion to confirm report of commissioners ..... | 10 00 |
| Making in all........................... | $190 00 |

This was in addition to $492.18 taxed by the clerk as expenses and disbursements. The only items which were objected to before the clerk were the items amounting to eighty dollars of costs of trial before the referee. Upon application to the Special Term these items were stricken from the bill of costs, the rest of the items as taxed being allowed to stand; and from that order this appeal is taken.

We think that the order appealed from should be affirmed. The only fault that can be found with the order is that it did not strike other items from the bill of costs as taxed, but as no objection was made to any of the other items and no appeal is taken by the defendant, none of those items can be reached.

The only authority for giving costs in this proceeding is contained in section 159 of the Village Law (Laws of 1897, chap. 414, as amd. by Laws of 1901, chap. 68), and in section 3240 of the Code of Civil Procedure which relates to costs in special proceedings. Under section 159 of the Village Law the only provision relating to costs is as follows: "All proceedings *subsequent* to the appointment of the commissioners shall be taken in accordance with the provisions of the Condemnation Law, so far as applicable,

except that the commissioners in fixing their award must make an allowance for benefits, if any, derived by the claimant from such improvement. The amount agreed upon for such damages or the award therefor, together with the costs, if any, allowed to the claimant, shall be a charge against such village. Unless the award of the commissioners in favor of the claimant shall exceed the amount of the offer to settle or compromise such claim, he shall be liable for all the costs of the proceeding."

It seems clear that under this provision of the law the petitioner is not entitled, as matter of right, to costs except for the proceedings after the appointment of commissioners, and that the costs incurred prior to that time are in the discretion of the court, as in a special proceeding, to be allowed under section 3240 of the Code of Civil Procedure. Undoubtedly, when the court confirmed the report of the referee and appointed commissioners, the order of confirmation might have included a provision for costs, but no such provision, so far as appears, was included in the order, and it seems clear that the county clerk did not have authority to supply that deficiency, or to exercise the discretion of the court and tax costs as in an action. The provisions of the Condemnation Law (Code Civ. Proc. §§ 3357–3384) do not affect in any manner the costs incurred by a petitioner prior to the appointment of commissioners.

The cases cited by appellant's counsel (*Manhattan R. Co.* v. *Kent, No. 2,* 80 Hun, 559; S. C., *sub nom. Matter of Manhattan R. Co.* v. *Kent,* 145 N. Y. 595; *City of Johnstown* v. *Frederick,* 35 App. Div. 45; *Village of St. Johnsville* v. *Cronk,* 55 id. 633) do not in any manner support his contention. In fact, under those cases it seems clear that many other of the items taxed by the county clerk might properly have been stricken out of the bill of costs. By the bill of costs as taxed the petitioner receives double costs in this proceeding; double what he should receive in an action brought and tried in the ordinary way. Such double costs are not allowed by any provision of the Code or statute.

The order appealed from should be affirmed, with costs.

All concurred.

So much of the order as is appealed from affirmed, with ten dollars costs and disbursements.